[Civ. No. 1191. Fourth Appellate District.—July 22, 1936.]

ELIZABETH L. LOUGH, as Executrix, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a Corporation), Respondent.

596

Charles C. Crouch for Appellant.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Respondent.

BARNARD, P. J.—The appellant was appointed executrix of the estate of her deceased husband in March, 1927. She received a draft for $21,753.60 payable to herself as such executrix and, on October 9, 1930, endorsed and turned over this draft to the Bank of Italy, of which bank the respondent is the successor. She was given a cashier's check for $21,000, payable to herself as such executrix, and $753.60 was deposited in her personal account in the bank. She had no account as executrix. An officer of the bank asked her what she was going to do with the money and advised her to let the bank invest it for her. He took her upstairs and introduced her to a salesman employed by the National Bankitaly Company. On October 21, 1930, the cashier's check for $21,000 was deposited in her individual bank account and this account was charged with $17,700.83, representing the purchase price of nine bonds issued by Associated Gas & Electric Company and ten bonds issued by Walter G. McCarty Company, which bonds the appellant, individually, had purchased from the National Bankitaly Company. The appellant had endorsed the cashier's check in her capacity as executrix and on October 21st she was given a charge slip showing that her account had been

charged with $17,700.83, and a few days later she was handed a sales slip confirming the sale of the bonds to her and a little later the bonds were delivered to her. She sold about half of the bonds between March 6, 1931, and April 12, 1932, depositing the money in her private account and using the same in the purchase of a home.

The appellant was the sole devisee and legatee in the estate of her husband and on March 9, 1931, she filed her final account and petition for distribution in that estate, setting forth that she had on hand in cash $22,152.60, which included the proceeds of the draft first referred to, and that all debts and expenses of administration had been fully paid. On March 20, 1931, an order and decree was entered approving her final account and distributing to her all of the estate.

On August 21, 1933, the appellant commenced this action, alleging in her complaint that the respondent, with knowledge that the funds belonged to the estate, had induced her to use the same in the purchase of these securities for her personal use and benefit, and that by this conduct the funds of the estate had been depleted and the estate damaged in the sum of $17,700.83. The prayer is for judgment in that amount, with interest. The court made findings in favor of the respondent and this appeal followed the judgment.

The first point raised is that the defendant should have been compelled to restore the moneys taken from the estate. In support of this it is argued that under section 584 of the Probate Code an executor has no authority to invest funds of the estate except by permission of the court and then only in securities of the United States or of this state, and that since the bank participated in the investment of these funds nothing that occurred then or thereafter could justify or excuse its act. It is then contended that the evidence is insufficient to sustain three of the findings, namely, that the plaintiff was not the acting executrix of this estate at the time this action was commenced, that the probate court had ratified and approved the action of the plaintiff in taking the funds of the estate for the purchase of the bonds in question, and that the plaintiff did not have the right to bring this action as executrix.

Assuming that these three findings are unsupported by the evidence we are unable to see why the judgment could be or should be reversed. The gist of the action is that the bank damaged the estate by selling these bonds to the appellant, personally, when they knew the money used to pay for them was held by her as executrix of her husband's estate. While she held these funds in a representative capacity they belonged to her, subject to administration. Her final account and the decree of distribution perfected the evidence of her title and removed any condition which formerly existed. The complaint alleges nothing as to the value of the bonds and no claim is therein made that she was personally damaged or that she did not get full value, and no attempt at rescission was ever made. Whether she had a personal claim for damages or otherwise against the respondent is not involved here. The sole claim is that the money must be returned to the estate because the bank knew that the draft was payable to her as executrix. Strangely enough, no effort was made to recover the full amount of the draft, although the bank also knew that the remaining $3,952.77 was deposited in appellant's personal account and used by her. If the estate was damaged the only person injured was the appellant herself. The money was actually hers, subject only to administration, and the title thereto was legally and completely turned over to her shortly after she used it. While technically the money belonged to the estate, and while her use of the money before distribution was irregular and wrongful, the entire estate was distributed to her, no other person was involved or affected, and the estate as such suffered no actual injury or damage. On the other hand, although she was a party to any wrongful act, in so far as the estate was concerned, she comes in nearly three years after she used the money and, while retaining the proceeds, claims the estate was damaged in the full amount she took and used. Should she prevail she would be benefiting by her own wrong and getting the money twice, the same again going to her in her representative capacity to be immediately turned over to her personally.

The fact that a decree was entered shortly after she used the money, finally distributing all of the estate to her, is sufficient answer to the contention that the estate was damaged by any action on the part of the bank, and nothing

appears in the pleadings or evidence to justify the relief here sought by the appellant.

The judgment is affirmed.

Jennings, J., concurred.

Marks, J., and Turrentine, J., *pro tempore,* deeming themselves disqualified, took no part in this decision.